UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE ALLAN TYSON,

    Plaintiff,

v.                                            CASE No. 8:11-CV-1991-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 22) filed by counsel for the plaintiff on July 6, 2012. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,231.25 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury.

    The applicant represented the plaintiff in this action seeking review of a denial of supplemental security income payments and Social

Security disability benefits. This matter was remanded to the Social Security Administration by order of this court (Doc. 20). Judgment was entered in favor of the plaintiff on April 10, 2012 (Doc. 21). The plaintiff then filed this application for attorney's fees under the EAJA and requests that the fees be paid directly to his attorney if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt (Doc. 22). The Supreme Court in Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested a fee award in the amount of $2,345.53 (Doc. 22). This amount represents 1.75 hours of service before the court in 2011 at an hourly rate of $180.59 and 11 hours in 2012 at an hourly rate of $184.50 by attorney Suzanne Harris (id., p. 5; Doc. 23, p. 2). The defendant has no objection to the requested fee (Doc. 25).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 12.75 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost-of-living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $180.59 per hour for work performed in 2011 and $184.50 for 2012 services (Doc. 22, pp. 4-6). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Nevertheless, that request seems unreasonable under the circumstances.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not

-3-

objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour, which is unreasonably high.

In all events, the request for more than $178.00 per hour for services performed in 2011 and 2012 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $180.59 per hour for work performed in 2011 and $184.50 per hour for 2012 services, when $178.00 was the maximum rate for criminal defense lawyers defending capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for an hourly rate in excess of $178.00 for work done in 2011 and 2012 is rejected.

Rather, as I have already done in other cases making a similar request, I will apply a rate of $175.00 per hour for work performed during 2011 and 2012 by attorney Harris, although that is only three dollars per hour less than was paid for work defending capital cases those years.

For the foregoing reasons, Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 22) is hereby **GRANTED** to the extent that the plaintiff shall be awarded the amount of **$2,231.25** in attorney's fees to be paid by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 17th day of July, 2012.

/s/ Thomas G. Wilson
_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE